UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AMAYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFF DEPTUTY POSEDEL,<br><br>　　　　Defendant. | Case No. 16-cv-01304-SK<br><br>**REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO DISMISS**<br><br>Regarding Docket No. 8 |

Plaintiff Carlos Amaya, through his counsel, failed to submit an adequate application to proceed *in forma pauperis* (an "IFP") or pay the filing fee for his Complaint. Since Plaintiff has not consented to the jurisdiction of the magistrate under 28 U.S.C. § 636(c) the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge.

Plaintiff was provided with notice on two occasions that the Court would consider a new IFP. Plaintiff was also advised that without a new IFP, he should pay the filing fee or risk dismissal of his Complaint. Given that Plaintiff has neither filed a new IFP nor paid the filing fee, the Court RECOMMENDS that the District Court DISMISS this action without prejudice.

**BACKGROUND**

Through his counsel, Plaintiff Carlos Amaya, a detainee at the Alameda County Jail (Dkt 1, ¶ 4), filed a Complaint for violation of 42 USC § 1983 on March 16, 2016 for an alleged injury sustained from an Alameda County Sheriff's Deputy. (Dkt. 1.) Plaintiff simultaneously submitted an IFP. (Dkt. 2.) On March 21, 2016, this Court denied the IFP without prejudice on the grounds that: (1) the applicant did not sign his application or provide documentation to support that the party signing the application had power or attorney to do so in his stead; and (2) the applicant did

not provide the financial information required in an IFP. (Dkt. 6.)   However, the Court specified that it "is willing to consider a new application meeting these two obligations." (*Id.*)

Having received nothing from Plaintiff by April 6, 2016, the Court issued a further Order stating that it was "unclear to the Court whether or not the Plaintiff intends to pursue his claim because Plaintiff has neither submitted a new application nor paid the required filing fee." (Dkt. 8.)  Therefore, Plaintiff was ordered to pay the filing fee or submit a new IFP no later than April 20, 2016 or face dismissal of the claim without prejudice.  (*Id.*)  Plaintiff has done neither.

## ANALYSIS

According to 28 U.S.C. § 1915, a Court may authorize a person to commence an action without prepayment of fees or provision of security where the person is a prisoner "who submits an affidavit that includes a statement of all assets such prisoner possesses" which establishes "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  In addition to the affidavit, the prisoner "shall submit a certified copy of the trust fund account statement or institutional equivalent for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal…." 28 U.S.C. § 1915(a)(2).  "[A] § 1915 affidavit must state facts 'with some particularity, definiteness and certainty' as to indigency." *Wells v. Acosta,* 609 Fed.Appx. 430, 431 (9th Cir. 2015) (*citing Escobedo v. Applebees,* 787 F.3d 1226 1233, (9th Cir. 2015)).

In the present matter, a form affidavit (AO240 - Application to Proceed in District Court Without Prepaying Fees or Costs) signed by Flora Sanchez, with the notation "power of attorney" next to her signature, was filed by Mr. Amaya's counsel on his behalf. (Dkt. 2, pg. 2.)  No documentation was provided confirming that Ms. Sanchez has authority to act pursuant to power or attorney or otherwise explaining her relationship to Mr. Amaya.

As to the content, there was little information regarding Mr. Amaya's financial status.  The first page was left blank, other than to indicate that Mr. Amaya is being held at the Federal Correctional Institution in Sanford, Arizona.  A "0" was provided as to funds in the check or savings account and "N/A" as to all other questions.  Further, the required certified copy of Mr. Amaya's trust fund account statement was not provided.  In light of the foregoing, the Court had

no choice but to deny the application.

Despite the opportunity to rectify the IFP or pay the filing fee, Mr. Amaya did not do so. Once the application is denied, a party should be afforded a "*reasonable time* after a denial of an IFP application to pay the fee." *Wells v. Acosta,* 609 Fed.Appx. at 431 (emphasis added). Here, the Court provided Mr. Amaya with thirty days (from March 21, 2016 until April 20, 2016) and two notifications (Dkts. 6 and 8) to either file a new IFP or pay the filing fee. As of the date of this Order, thirty-five days after the initial denial, Mr. Amaya has done neither.

## CONCLUSION

Given that an incomplete affidavit signed by an unknown party was submitted on behalf of Mr. Amaya in support of his IFP and that despite having receiving two notices from the Court suggesting that he remedy the IFP, he has failed to submit a new IFP or submit a filing fee within the past thirty-five days, the Court HERBY RECOMMENDS that this action be DISMISSED without prejudice. Any party may object to this recommendation within fourteen days of the filing date of this order. Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED**.

Dated: April 25, 2016

_____
SALLIE KIM
United States Magistrate Judge